UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PROPERTY REGISTRATION
CHAMPIONS, LLC d/b/a PROCHAMPS, , a
Florida corporation,

    *Plaintiff,*

vs.

STANLEY S. URBAN, III individually

    *Defendant.*

CIVIL ACTION NO.

### VERIFIED COMPLAINT FOR MONETARY DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, PROPERTY REGISTRATION CHAMPIONS, LLC d/b/a PROCHAMPS ("Prochamps") by and through undersigned counsel files its Verified Complaint against Defendants STANLEY S. URBAN, III ('URBAN"), an individual, for monetary damages and injunctive relief.

### INTRODUCTION AND PARTIES

1. Defendant, Urban is an individual who was retained via contract (attached as Exhibit A) by Prochamps to serve as a consultant and relationship manager to provide marketing, sales, and/or other business services for property registration programs administered by Prochamps.

2. At all times material hereto, Defendant Urban has breached the subject contract, by gathering confidential and proprietary information about Prochamps business, providing said information to third party competitors of Plaintiff and by utilizing this information to solicit business from third parties performing similar services and providing those competing companies information and connections with Prochamps clients thereby assisting said competitors solicit business from Prochamps customers to the detriment of Prochamps.

3. Since leaving his employment position with Prochamps, Defendant continued to directly solicit customers of Prochamps on behalf of new clients, Azavar and Localgov. In addition, Defendant has taken steps to cause, irreparable and immediate harm to Plaintiff's business operations by utilizing proprietary information to solicit Plaintiff's customers on behalf of Plaintiff's competitor, Azavar and Localgov, specifically seeking Prochamps accounts with Palm Beach County Florida and Pinellas County Florida, among others

4. Prochamps is a Florida corporation with a principal place of business at 2725 Center Place, Melbourne, Florida 32940, which conducts a property registration business in conjunction with and on behalf of communities throughout the nation and in Florida.

5. Prochamps partners with hundreds of communities across the USA. These communities contract with Prochamps to promote neighborhood health, safety, and welfare through property registration.

6. Prochamps works with these communities to enact best practices ordinances and researches and tracks properties in danger of non-compliance and compiles detailed statistical information about property history in a given community,

7. Prochamps regularly utilizes local consultants and relationship managers with explicit knowledge of the local communities and decision-makers to work directly with its customer clients in identifying and meeting their needs.

8. Stanley Urban is such an individual, upon information and belief, at all times material hereto residing in and working out of Woodbridge, Illinois, but working in the property registration field nationally, including in Florida.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over the Parties and the claims of this action pursuant to 28 U.S.C. § 1332(a)(2) because the action is between citizens of different states and the amount in controversy exceeds $75,000.

10. This Court has personal jurisdiction over the Parties as the Plaintiff is a Florida corporation, which operates its nationwide business from Florida, including its interactions with Defendant which form the basis of this cause of action. Furthermore, pursuant to paragraph 21 of the Terms and Conditions of the Consulting Agreement, the contract is governed by Florida law.

11. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391, because a substantial portion of the events that gave rise to the Plaintiff's claims and requests for relief herein occurred within Florida, including the Middle District of Florida.

## FACTUAL BACKGROUND

12. Pursuant to Exhibit A, Defendant, Urban was retained by Prochamps to serve as a consultant to provide marketing, sales, and/or other business services for property registration programs administered by Prochamps.

13. During the course of Urban's work under this contract, between 2018 and 2021, he earned commissions in excess of $100,000 from Prochamps.

14. On December 31, 2021, Urban separated from his consulting position with Prochamps, thereby setting the termination date thereof.

15. On May 5, 2022, Urban and Prochamps executed an Addendum to the Consulting Agreement, Revising Covenant Not to Compete, (See Exhibit B) which reduced the non-Compete provision applicable to Urban down to a period of one-year from the Addendum's effective departure date – December 31, 2021.

16. This action arises out of actions and conduct by the Defendant Urban in breaching the Consulting Agreement and Addendum thereto by divulging confidential information about Prochamps operations during the period of Urban's consulting for Prochamps thereunder and subsequently by working in conjunction with direct competitors of Prochamps.

17. The Consulting Agreement at section 5.1 precludes Consultant and Consultant's Affiliates from any other business, trade, profession, or other activity" which places "Consultant a conflict of interest with PRC" for a three-year period following the termination of this agreement.

18. Section 5.1.3 of the Consulting Agreement dictates that Defendant may not "solicit, divert or appropriate or attempt to solicit, divert or appropriate any customer of PRC for any type of business in competition with the business of the PRC, or assist or consult with any person to do any of the foregoing."

19. Section 5.1.4 of the Consulting Agreement dictates that Defendant may not "utilize or attempt to utilize any extraordinary or specialized training provided by PRC for a business in competition with the Business or Businesses of PRC, or to assist or consult with any person or entity engaged in any of the foregoing."

20. The May 5, 2022, Addendum to the Consulting Agreement, Revising Covenant Not to Compete, explicitly dictated that the terms of section 5.1 inclusive were binding by and between the parties through December 31, 2022.

21. During that period of time when he worked as a consultant for Prochamps ,Defendant Urban communicated directly with entities known to be in direct competition with Prochamps for property registration work, including Azavar and Localgov by way of direct email communications from his Prochamps email account and sharing emails relating to Prochamps work product. . (See Exhibit C).

22. These communications included providing proprietary information about the customers of Prochamps, the means in which Prochamps provided services, fees charged by Prochamps as part of its work and involved information which Defendant knew or should have known was potentially helpful to one seeking to challenge Prochamps for these contracts, harmful to Prochamps and in direct violation of the referenced terms of the Consulting Agreement.

23. These communications went on throughout the calendar year 2021, which was the final year of Defendant's consultancy.

24. More recently, Prochamps has learned that after discontinuing his consulting work for Prochamps, Defendant Urban has formally affiliated himself with Azavar (see Exhibit D) and is assisting Azavar in directly competing with Prochamps in bidding on and taking accounts which had previously been community customers of Prochamps, including Palm Beach County and Pinellas County, Florida.

25. As a result of Defendant's breach of contract in communicating with companies in direct competition with Prochamps and in disclosing proprietary information to said entities during the contract period, and in assisting said competitors in directly bidding on contracts previously administered by Plaintiff Prochamps, Prochamps has lost the benefit of its bargain with consultant Urban, who breached his obligation to work in Prochamps' best interests, and, as a result, Prochamps has been harmed financially by the disclosure of valuable and proprietary information in which it invested significant assets to develop and protect, and in the direct loss of valuable contracts and customers by the actions of Urban. .

26. As a result of Defendant's breach of contract in assisting entities seeking to make a competing proposal for Prochamps on-going contract with Palm Beach County and Pinellas County, Florida, Prochamps lost an existing customer for the time being, which, if uncorrected, will result in out-of-pocket losses of significant amounts.

27. All conditions precedent necessary of the maintenance for this action have occurred, have been waived or have been excused.

## COUNT I – INJUNCTIVE RELIEF

28 The Plaintiff realleges, reaffirms, and incorporates by reference paragraphs 1 through 27 above as if fully set forth herein.

29. The Plaintiff is entitled to injunctive relief enjoining the Defendant, in his individual capacity or on behalf of any affiliated entity, including but not limited to Azavar and Localgov (a) proceeding with any future solicitations of Plaintiff's customers or former customers (b) utilizing any proprietary information learned from Plaintiff in its business relationships and (c) taking any actions to interfere with the Plaintiff's delivery of property

registration services to any existing clients or former clients with whom Defendant obtained access as a result of their work on Plaintiff's behalf.

30. Defendant is liable to Plaintiff for, inter alia, breach of contract. There is no dispute that Defendant has attempted to compete directly with Plaintiff in its role in working on behalf of Azavar and Localgov in violation of the non-compete provisions of his employment agreement. Moreover, there is no dispute that Defendant's conduct threatens to interfere with Plaintiff's business relationships,

31. Plaintiff will be irreparably harmed if the Defendant, and his affiliates continue communicating with and soliciting its former and current community customers with the purpose of interfering with Plaintiff's business relationships.

32. There will not be substantial harm to the Defendant due to an injunction. The relief requested will only result in the Defendant being enjoined from wrongfully damaging Plaintiff's business operations.

33. There is no adequate remedy at law because Defendant's conduct is of a continuing nature in that Defendant continues to actively target Plaintiff's business partners, clients, and prospective clients in the solicitation of services using improper means and proprietary information. As this information is disseminated, it permanently loses its value to Plaintiff in a manner in which money reimbursement will not make Plaintiff whole.

34. The public has a strong interest in the promotion of fair business practices and in preventing wrongful interference with business operations. All of the equities and other factors weigh heavily in favor of granting the requested relief. Accordingly, Plaintiff seeks preliminary and permanent injunctive relief.

## COUNT II - BREACH OF CONTRACT

36. Plaintiff realleges and reaffirms the allegations of the preceding paragraphs 1-27as if fully set forth herein.

37. Beginning in 2018, Plaintiff Prochamps and Defendant Urban had a consulting agreement in place pursuant to which Defendant Urban would utilize proprietary information to attempt to use his business connections to expand Prochamps' customer base of communities seeking property registration and funding services.

38. In exchange for Prochamps agreeing to pay Urban a percentage commission of collections on behalf of each community who agreed to utilize Prochamps services, Urban agreed that he would be precluded from any other business , trade, profession, or other activity" which places "Consultant in a conflict of interest with PRC" for a three-year period following the termination of this agreement.

39. In addition, Urban agreed that he would not "utilize or attempt to utilize any extraordinary or specialized training provided by PRC for a business in competition with the Business or Businesses of PRC, or to assist or consult with any person or entity engaged in any of the foregoing."

40. Urban breached the foregoing provisions by communicating with multiple direct competitors of Prochamps during the term of the contract, including communications which divulged Prochamps means and methods of undertaking its property registration business and disclosing to direct competitors the specific amounts Prochamps was earning from its direct contractual relationships with its community customers.

41. Subsequent to his direct term working as a consultant with Prochamps, Defendant Urban entered into a formal business relationship for Azavar and Localgov, both of which entities perform similar or identical work as Prochamps, who traditionally have competed for the same property registration contracts as Prochamps and in at least one instance, who outbid Prochamps for a contract renewal with former Prochamps customer, Palm Beach County Florida, causing Azavar to secure said contract and Prochamps to lose its contract with an existing customer.

42. As a result of Defendant's breach of contract, Plaintiff was denied the benefit of the negotiated bargain with Defendant Urban, thus is entitled to reimbursement of all amounts paid Urban under the contract for the period 2018 – 2021 inclusive, which amounts are in excess of $100,000.00 exclusive of interest, costs, and attorney's fees.

43. As a result of breaches of Defendant Urban in assisting competitors to successfully outbid Plaintiff Prochamps for contract renewals, relating to Palm Beach County, Florida and other communities upon information and belief, Plaintiff, Prochamps lost direct existing business, future business and potential business opportunities resulting in financial losses in an amount in excess of $75,000, exclusive of interest, costs, and attorney's fees.

**COUNT III – TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP**

44. The Plaintiff realleges, reaffirms, and incorporates by reference paragraphs 1 through 27 above, as if fully set forth herein.

45. Defendant has begun to usurp Plaintiff's business relationships by utilizing proprietary information to its advantage in soliciting Prochamps customers.

46. Upon information and belief, Defendant is directly affiliated with Azavar and Localgov, which compete with Prochamps in the property registration business.

47. Utilizing proprietary information provided by Urban, and with Urban's direct involvement, Azavar and Localgov have approached community customers of Prochamps soliciting work.

48. Customers of Prochamps, not knowing Urban obtained his information in violation of contract, have been convinced to terminate service contracts with Prochamps.

49. As a result of this interference, Plaintiff has been damaged as the direct and proximate consequence of the Defendant's knowing and intentional actions interfering with other business relationships.

50.. Accordingly, the Plaintiff is entitled to judgment in its favor for damages, costs, and interest against the Defendant, in an amount to be determined at trial.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff, PROPERTY REGISTRATION CHAMPIONS, LLC d/b/a PROCHAMPS, seeks judgment in its favor and against the Defendant STANLEY S. URBAN, II for: (a). Preliminary and permanent injunctive relief; and (b). An expedited hearing be held on its request for a Preliminary Injunction; and (c). Actual damages in an amount to be determined and proven at trial; and (d). Interest and costs; and (e). Such other and further equitable relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), the Plaintiff requests a trial by jury in this matter on all issues so triable.

The Law Office of Stephen Barker
901-A Clint Moore Road
Boca Raton, FL 33487
561-886-8352
slb@stephenbarkerlaw.com

BY: __/s/ *Stephen Barker*__
     STEPHEN L. BARKER, ESQ
     FLORIDA BAR NUMBER 55357.

Verification

I, Stephen Arpaia, declare as follows:

I. I am general Counsel for Plaintiff, Property Registration Champions, LLC, ("Prochamps") in the present case, a citizen of the United States of America, and a resident of the State of Florida

2. I have personal knowledge of the actions and activities of Plaintiff, Prochamps and Defendant, Stanley S. Urban, III as set out in the foregoing Verified Complaint for Monetary Damage and Injunctive Relief; and if called on to testify I would competently testify as to the matters stated herein.

3. I verify under penalty of perjury under the laws of the United States of America and the State of Florida that the factual averments in this Complaint concerning Prochamps and Stanley S. Urban, III, and that all matters set forth in the subject Complaint are true and correct. 28 U.S.C § 1746

Stephen Arpaia, Esquire